**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| QUEEN CHARLOTTE FRANKLIN, | Case No. 1:25-cv-51 |
| Plaintiff, | Hopkins, J. |
| v. | Bowman, M.J. |
| MCDONALD'S et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On February 3, 2025, Plaintiff Queen Charlotte Franklin moved for leave to file the above-captioned complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 3). Plaintiff previously filed a copy of the proposed complaint. (Doc. 1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been conditionally granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is

immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Analysis of Complaint**

The Court takes judicial notice of the fact that between Plaintiff's first pro se appearance in this Court on December 30, 2022 and the end of 2024, this Court dismissed (or recommended the dismissal of) at least four complaints filed by Plaintiff as frivolous under applicable screening standards. *See e.g., Franklin v. U.C. Drake Hospital*, No. 1:24-cv-611-JPH-KLL (case dismissed, appeal pending); *Franklin v. Hamilton County Sheriffe*, No. 1:24-cv-610-DRC-SKB (R&R recommending dismissal pending before presiding district judge); *Franklin v. Dieffenbach*, No. 1:24-cv-524-JPH-SKB (case dismissed by this Court, *in forma pauperis* denied, but ruling on *in forma pauperis* status pending in Sixth Circuit); *Franklin-Samuels v. Soc. Sec. Admin*., et al., No. 1:22-cv-775-MWM-KLL (case dismissed, motion to reopen denied, no appeal filed).

Recently, Plaintiff has picked of the pace of her filings. Between January 31, 2025 and February 11, 2025, Plaintiff initiated twenty new cases. In each case, she seeks to file *in forma pauperis*, or without payment of fees. *See*, *e.g*., Case Nos. 1:25-cv-41-DRC-SKB, 1:25-cv-42-DRC-KLL, 1:25-cv-44-MRB-SKB, 1:25-cv-48-DRC-KLL, 1:25-cv-49-MRB-KLL, 1:25-cv-52-DRC-SKB, 1:25-cv-58-SJD-SKB, 1:25-cv-59-JPH-SKB, 1:25-cv-60-DRC-KLL, 1:25-cv-65-DRC-KLL, 1:25-cv-77-MRB-SKB, 1:25-cv-78-DRC-KLL, 1:25-cv-79-MWM-KLL, 1:25-cv-80-JPH-KLL, 1:25-cv-82-MWM-KLL, 1:25-cv-83-SJD-KLL, 1:25-cv-86-SJD-SKB, 1:25-cv-87-JPH-KLL, 1:25-cv-88-JPH-SKB. The undersigned is working diligently to review and screen all cases that have been randomly assigned to

3

her. Each case is unique and must be addressed on its unique facts. But in every case reviewed to date, the undersigned has determined that Plaintiff's complaints either fail to assert facts sufficient to support the exercise of federal subject matter jurisdiction and/or fail to state any cognizable claim. Therefore, the number of cases filed by Plaintiff that have been deemed to be subject to sua sponte dismissal as frivolous continues to grow.

In the above-captioned case, Plaintiff's motion to proceed *in forma pauperis* indicates that she receives $1,793 in retirement income on a monthly basis, and $1,048 in earned income but yet owes a single creditor only $300 with no other debts. (Doc. 1, PageID 2-3). Given that report and evidence that she paid a $605 filing fee in another case on January 31, 2025, [1] it is unclear whether Plaintiff actually qualifies to proceed i*n forma pauperis*. But absent further information, the undersigned has conditionally granted Plaintiff's application to proceed without payment of a filing fee. Under the referenced screening standards, however, the undersigned recommends that Plaintiff's lawsuit be dismissed for failure to state any plausible claim.

This Court routinely warns pro se litigants who file multiple cases that are deemed to be frivolous under 28 U.S.C. § 1915 screening standards that continuing the same course of conduct may result in the imposition of pre-filing sanctions and/or a declaration that their filings are "vexatious." Despite the prior dismissal of multiple frivolous lawsuits and Plaintiff's recent initiation of twenty new lawsuits, the undersigned acknowledges that Plaintiff was only recently warned that she could be deemed to be "vexatious." Part of the reason for the delay in issuing that warning is because Plaintiff's use of different first and

---

[1]On January 31, Plaintiff paid an appellate filing fee of $605 in order to pursue her appeal of this Court's dismissal of Case No. 1:24-cv-611-JPH-KLL.(*Id*., Doc. 15).

last names made it more difficult for this Court to track her cases.[2] In addition, although Plaintiff tenders her complaints on a form that is commonly used by pro se litigants, she routinely leaves blank a section of the form that specifically asks her to list her previous cases, including "the case number and caption" of each lawsuit in which she previously appeared. (See Doc. 1-1, PageID 7). The referenced query is designed to assist the Court in more readily identifying duplicitous lawsuits and/or vexatious litigants. By leaving the question blank, Plaintiff falsely implies that she has filed none. (*See id.*)

Turning to the complaint filed in this case, Plaintiff names the following Defendants (1) McDonald's; (2) Arby's; (3) Culvers; and (4) T.h.C; (5) K.F.C and (6) White Castle. She has checked several boxes on the form to assert subject matter jurisdiction indicating both that she is filing a civil rights lawsuit that arises under the Constitution, laws, or treaties of the United States, see 28 U.S.C. § 1331. (Doc. 1 at 2). In the "Statement of Claim" section, Plaintiff appears to assert that she injured her shoulder and a manager fired her for doing black magic and spraying the customers with Holy water. (Doc. 1 at 3). In the "Relief" section, Plaintiff states, *inter alia*, that she is still having shoulder problems and is out millions of dollars and not able to work. Id.

Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Namely, "[t]o state a viable claim under 42 U.S.C. § 1983, a plaintiff 'must allege that she was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Smith v. Detroit Entertainment L.L.C.*, 338 F.Supp.2d 775, 778 (E.D. Mich. 2004) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). Plaintiff's

---

[2]Plaintiff has filed cases under multiple first and last names. For example, she routinely uses variations of "Charlotte" or "Queen" as a first name and either "Franklin" or "Franklin-Samuels" as a surname.

complaint does not include sufficient facts to state any plausible federal or constitutional claim against any Defendant, nor that any of the named Defendants were state actors. Plaintiff's factual allegations are generally illogical and incomprehensible. The complaint provides no factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights under federal law. As such, Plaintiff's complaint should be dismissed.

Given the number of lawsuits that Plaintiff has filed as to which sua sponte dismissal has been recommended under 28 U.S.C. § 1915 screening standards, and in light of Plaintiff's dramatically increased litigation activity in 2025, the undersigned further warns Plaintiff that if she persists in filing further lawsuits that are dismissed sua sponte on initial screening, she is likely to be deemed to be a vexatious litigant subject her to pre-filing restrictions. Every frivolous lawsuit that is filed taxes scarce judicial resources and necessarily detracts from this Court's administration of justice in presiding over legitimate non-frivolous cases.

Because Plaintiff initiated twenty new cases within so short a time period, the undersigned entered an order in No. 1:25-cv-52-DRC-SKB that prohibits the Clerk of Court from accepting **new** case filings from Plaintiff for the sixty-day period beginning February 12 and continuing through April 13, 2025. That order is intended to permit the assigned magistrate judges adequate time to screen the twenty recently filed cases, and for the presiding district judges to rule on those Reports and Recommendations. If, after the expiration of the requisite time period, Plaintiff's frivolous cases number six or more, the undersigned recommends that Plaintiff be deemed to be vexatious, and that pre-filing restrictions be imposed.

When a litigant fails to comprehend the basis for the prior dismissals and continues to file additional lawsuits subject to dismissal on the same grounds, a federal court may deem that litigant to be vexatious and impose an appropriate sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

**III. Conclusion and Recommendation**

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. All claims contained in the above-captioned complaint should be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B),

2. Based on the number of cases for which this Court has recommended sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B), Plaintiff should be formally warned that she is highly likely to be deemed to be vexatious and made subject

to prefiling limitations if she persists in filing additional cases that lack any reasonable basis for federal subject matter jurisdiction and/or that are factually and legally frivolous under screening standards;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis*.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

QUEEN CHARLOTTE FRANKLIN,

    Plaintiff,

    v.

MCDONALD'S et al.,

    Defendants.

Case No. 1:25-cv-51

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).